IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-04-H-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| COLTER JOSEPH EPLER, | |
| Defendant. | |

## I.  Synopsis

Defendant Colter Joseph Epler (Epler) has been accused of violating the conditions of his supervised release. (Doc. 59). Epler admitted one of the alleged violations. Epler's supervised release should be revoked. Epler should be sentenced to TIME SERVED, with 26 months of supervised release to follow. The additional conditions of supervised release imposed on April 3, 2025 (Doc. 69) and modified on April 30, 2025 (Doc. 84) are removed. Epler shall remain subject to the conditions of supervised release imposed by Judgment dated September 3, 2020. (Doc. 38).

## II.  Status

Epler plead guilty on June 16, 2020, to the offense of Felon in Possession of Firearm, in violation of 18 U.S.C. § 922 (g)(1), as charged in Count 1 of the Indictment. (Doc. 24). Epler was sentenced to 51 months of custody, with 3 years of supervised release to follow. (Doc. 38). Epler's current term of supervised release began on September 10, 2024.

### Petition

On March 17, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Epler's supervised release. (Doc. 59). The Petition alleged Epler violated conditions of his supervised release by: (1) committing another federal, state or local crime by being arrested for Driving Under the Influence of Alcohol, a felony, in violation of Mont. Code Ann. §§ 61-8-1002 and 61-8-1008 on March 14, 2025; and (2) consuming alcohol on March 14, 2025.

### Initial Appearance

Epler appeared before the Court on April 3, 2025. Epler was represented by counsel. Epler stated that he had read the Petition and that he understood the allegations against him. Epler waived his right to a preliminary hearing.

### Revocation hearing

Epler appeared before the Court on April 3, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Epler admitted that he had violated the conditions of supervised release as set forth in the Petition by: (2)

consuming alcohol on March 14, 2025. The Government moved to dismiss allegation (1), which the Court granted. Epler's admitted violation is serious and warrants revocation of his supervised release. The Court continued Epler's sentencing until July 8, 2025. The Court further ordered that Epler be released from custody, subject to the additional conditions of 24/7 continuous alcohol monitoring; home confinement; and being prohibited from driving a motor vehicle except in the course and scope of his employment. (Doc. 69).

**Amended Petition**

On April 24, 2025, United States Probation Office filed an Amended Petition requesting that the Court revoke Epler's supervised release. (Doc. 76). The Amended Petition alleged Colter had violated the conditions of his release by the additional violation of: (3) failing to follow the conditions of his home confinement on April 7, 2025.

**Second Initial Appearance**

Epler appeared before the Court on April 29, 2025. Epler was represented by counsel. Epler stated that he had read the Amended Petition and that he understood the allegations against him. Epler waived his right to a preliminary hearing.

**Second Revocation hearing**

Epler appeared before the Court on April 29, 2025. The parties consented to proceed with the revocation hearing before the undersigned. The Court heard

testimony from United States Probation officer Derek Estep. Following the testimony, the Court determined, with the Government concession, that the Government had not met its burden regard to allegation (3). The Court released Epler pending sentencing on July 8, 2025 , which was reset for July 18, 2025.

The Court also heard argument regarding Epler's Motion to Modify Conditions of Release, (Doc. 74), which requested that Epler's conditions of home confinement be modified to permit him to stay in Tri-County-provided housing in Big Sky, Montana on Monday, Tuesday, and Wednesday night each work week; to permit him to be in the yard of his home; and to permit him to attend his daughters' sporting events, even in the event combined travel and attendance time would exceed four hours, with advance notice to the United States Probation Office.

Following argument of the parties, the Court ordered that Epler shall be permitted to stay in Tri-County-provided housing in Big Sky, Montana on Monday, Tuesday, and Wednesday night each work week, returning to his residence in Helena, Montana on Thursday nights after work and remaining inside his residence unless he receives prior approval from his probation officer.  The Court denied Epler's request to attend his daughters' sporting events. (Doc. 84).  Epler was released from custody pending sentencing.

**Sentencing hearing**

Epler appeared before the Court on July 18, 2025. Epler's violation is Grade C. His criminal history category is IV. Epler's underlying offense is a Class C felony. Epler could be incarcerated for up to 24 months. Epler could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.   Analysis

Epler's supervised release should be revoked. Epler should be sentenced to TIME SERVED, with 26 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The additional conditions of supervised release imposed on April 3, 2025 (Doc. 69) and modified on April 30, 2025 (Doc. 84) are removed. Epler shall remain subject to the conditions of supervised release imposed by Judgment dated September 3, 2020. (Doc. 38).

### IV.   Conclusion

The Court informed Epler that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Epler of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Epler that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Epler waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That COLTER JOSEPH EPLER has violated the conditions of his supervised release by: (2) consuming alcohol on March 14, 2025.

The Court **RECOMMENDS:**

That Epler should be sentenced to TIME SERVED, with 26 months of supervised release to follow. The additional conditions of supervised release imposed on April 3, 2025 (Doc. 69) and modified on April 30, 2025 (Doc. 84) are removed. Epler shall remain subject to the conditions of supervised release imposed by Judgment dated September 3, 2020. (Doc. 38).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 22nd day of July 2025.

                                         John Johnston
                                         United States Magistrate Judge